UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

FBM HOLDINGS LLC, et al.,

                Plaintiffs,                       **MEMORANDUM OF DECISION AND ORDER**

   -v.-                                           03-CV-2939 (DRH)(MLO)

GOLDWERKS, INC., et al.,

                Defendants.
_____

**APPEARANCES:**

**For the Plaintiffs:**
**John C. Lane, Esq.**
The Grace Building
191 Godwin Avenue
Wyckoff, New Jersey 07481

**For Defendants Curtis J. Bernhardt, Greg Jakobson, and Anthony DiMatteo:**
**Quadrino Schwartz**
666 Old Country Road, Ninth Floor
Garden City, New York 11530
By: Harold J. Levy, Esq.

**HURLEY, District Judge:**

      Presently before the Court are the motions by defendants Curtis J. Bernhardt ("Bernhardt"), Greg Jakobson ("Jakobson"), Anthony DiMatteo ("DiMatteo"), LD Trust, Crown Jewel Resources Corp., Crown Jewel Resources Capital Corp., Park Vanguard, LLC, and Fieldstone Partners (collectively, "Movants") for an Order, pursuant to Federal Rule of Civil Procedure ("Rule") 55, vacating the default judgments entered against them. For the reasons stated below, the motions are granted in part and denied in part.

## BACKGROUND

      The instant action was commenced on November 4, 2002 in the United States

District Court for the Western District of Washington. By Order dated June 3, 2003, the case was transferred to this Court. On June 10, 2005, Plaintiffs moved for the entry of default judgments against the Movants as well as several other defendants. On June 17, 2005, the Clerk of the Court issued a certificate noting the defendants' default. Thereafter, on October 7, 2005, the Court entered default judgments against the defendants.

The Movants now seek to vacate the default judgments pursuant to Rule 55 on the basis that they have not been properly served. In their opposition papers, Plaintiffs correctly point out Harold J. Levy, counsel for the Movants, has appeared in this action as counsel for the three individual movants only. (*See* Docket Entry 73, Notice of Appearance, dated Oct. 20, 2005.) Moreover, in Mr. Levy's October 20, 2005 letter to the Court requesting permission to file a motion to vacate, Mr. Levy states that he has just been retained to represent the individual movants "and possibly some of the defendant corporate or business entities with which they may have been affiliated." (*See* Docket Entry 72, at 1.) However, to date, no formal appearance on the corporate defendants' behalf has been filed. Accordingly, and as will be explained more fully below, the Court declines to address the motions to vacate filed by LD Trust, Crown Jewel Resources Corp., Crown Jewel Resources Capital Corp., and Park Vanguard, LLC but sua sponte grants the motion to vacate filed by Fieldstone Partners. In addition, the Court grants Bernhardt's and Jakobson's motions to vacate; DiMatteo's motion is referred to Chief Magistrate Judge Michael L. Orenstein for a traverse hearing.

# DISCUSSION

## I. *Standard of Review*

Under Rule 55(c), an entry of default may be set aside "[f]or good cause shown."

Because Rule 55 does not define the term "good cause," the Second Circuit has established three criteria that "must" be considered in deciding whether to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In addition, courts may consider other equitable factors, including whether "the entry of default would bring about a harsh or unfair result." *Id.*

Where a default judgment has been entered, it may also be set aside in accordance with any of the grounds listed in Rule 60(b). Fed. R. Civ. P. 60(b). Pursuant to Rule 60(b)(4), a defendant may move to set aside a default judgment on the ground that "the judgment is void." *Id.* 60(b)(4). A judgment is void if entered against a party over whom the court lacks personal jurisdiction. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-87 (1988). In challenging personal jurisdiction pursuant to Rule 60(b)(4), a defendant that had actual notice of the proceedings bears the burden of establishing that the purported service did not occur. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

"[A] process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id.* No evidentiary hearing is required "where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Id.* at 58 (quoting *Simonds v. Grobman,* 716 N.Y.S.2d 692, 693 (2d Dep't 2000)).

3

## II. *Application to the Present Case*

By instant motion, the Movants seek to set aside the default judgments on the basis that the judgments are void for lack of personal jurisdiction because service of process was not properly effected. Thus, although the Movants state that they are moving under Rule 55, the Court will analyze their motions under Rule 60(4) pursuant to which, as noted above, a defendant may move to set aside a default judgment on the ground that the "judgment is void." Fed. R. Civ. P. 60(b)(4).

### A. *Jakobson*

In support of his motion, Jakobson submits a copy of Plaintiffs' "PROOF OF SERVICE," in which a "Robert R. Webb" "declare[s] under penalty of perjury" that on February 15, 2003, he personally served a copy of the Summons and Complaint upon Jakobson and Fieldstone Partners by serving "Annette W. Jakobson, co-general partner of Fieldstone Partners." (Jakobson Aff., Ex. A.) In an attempt to rebut the presumption of service, Jakobson submits his affidavit, wherein he states that Annette Jakobson, his former wife, died on March 18, 2002, the year before Plaintiffs allege that they served her. (*Id.* ¶ 10.) A copy of her death certificate is attached.

The Court takes judicial notice of the fact that Ms. Jakobson died prior to the date she was allegedly served. *See Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998). Under these circumstances, the Court finds that Jakobson has indisputably established that he was not properly served and, thus, the default judgment is void pursuant to Rule 60(b)(4). Accordingly, Jakobson's motion to vacate the default is hereby granted.

Fieldstone Partners was also allegedly served via the same service on Annette W.

4

Jakobson on February 15, 2003. Although no counsel has appeared on behalf of this corporate defendant, given the patently defective service, the Court sua sponte vacates the default judgment against Fieldstone Partners as well.[1]

### B. *Bernhardt*

Plaintiffs submit an affidavit of service which indicates that Bernhardt was personally served on May 7, 2003. Bernhardt now claims that such service was untimely and, therefore, the default judgment should be vacated. The Court agrees.[2]

Rule 4(m) provides in pertinent part as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the Complaint was filed on November 4, 2002. Bernhardt was allegedly served on May 7, 2003, more than 120 days later. There is no Court Order permitting

---

[1] In opposition to the instant motion, Plaintiffs submit the declaration of Robert R. Webb, the process server, wherein he claims that he went to what he believed to be the Jakobsons' personal residence and was greeted by a woman for whom he proffers her personal description. (Decl. of Robert R. Webb, dated Jan. 25, 2006, ¶ 10.) He further states that he asked the woman whether she was Mrs. Jakobson and whether this was the Jakobson residence and she "nodd[ed] her head in an up and down vertical movement, which [he] reasonably interpreted as a 'yes' response." (*Id.*) Plaintiffs make no argument that such service was binding or that this woman was authorized to accept service on defendants' behalf. Under these circumstances, and given that Annette Jakobson died prior to the alleged service, the Court finds such service defective.

[2] Berhardt also claims that he was never actually served. Because the Court finds that the default judgment should be vacated because the service was untimely, the Court does not address this claim.

late service. Accordingly, the Court finds that Bernhardt has indisputably established that he was not properly served and, thus, the default judgment is void pursuant to Rule 60(b)(4). Accordingly, his motion is granted.

Bernhardt also requests that the action be dismissed against him because Plaintiffs have not demonstrated good cause to extend the time for service. He cites *Yosef v. The Passamaquoddy Tribe*, 876 F.2d 283, 287 (2d Cir. 1989) for the proposition that dismissal is mandatory under Rule 4(m) when the 120 day limit is violated unless "good cause" can be shown. *Yosef* was decided prior to the 1993 amendments, however, which changed the language of the rule so that dismissal is no longer mandatory even if there is no good cause shown. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'") (quoting Fed. R. Civ. P. Advisory Committee's Notes at 654). Because Plaintiffs' attorney's motion to withdraw was recently granted and Plaintiffs have been given until June 1, 2006 to secure new counsel, the Court declines to dismiss the action against Bernhardt at this juncture. Instead, Bernhard may renew his motion to dismiss after June 1, 2006, so that Plaintiffs, via new counsel, will have an opportunity to respond.

### C.     *DiMatteo*

Plaintiffs have submitted an affidavit of service by a process server indicating that on January 14, 2003, he personally served DiMatteo at 95 Sydney Place, Staten Island, New York. (DiMatteo Aff., Ex. A.) In support of his motion, DiMatteo submits his affidavit wherein he states that the affidavit of service is false and that he does not now, nor has he ever, lived at 95 Sydney Place. He further claims that he has never been to this address and does not know

6

anyone who lives there. (DiMatteo Aff. ¶ 9.) Pursuant to Rule 60(b)(4) and *Old Republic*, DiMatteo's sworn denial of receipt of service is sufficient to rebut the "presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." 301 F.3d at 57. Accordingly, this matter is respectfully referred to Chief Magistrate Judge Orenstein for a report and recommendation as to whether DiMatteo was actually served and whether the default should be vacated pursuant to Rule 60(b)(4). To the extent service of process on DiMatteo was intended to effect service on LD Trust, Crown Jewel Resources Corp., Crown Jewel Resources Capital Corp. and Park Vanguard, LLC as well, the Court declines to address the corporate defendants' applications as there has been no notice of appearance by any counsel on their behalf.

## CONCLUSION

For the reasons stated above, the Court hereby vacates the default judgments entered against defendants Curtis J. Bernhardt, Greg Jakobson, and Fieldstone Partners. They shall serve and file an answer, or otherwise move against the Complaint, on or before June 2, 2006. The motion by Anthony DiMatteo to vacate the default judgment is respectfully referred to Chief Magistrate Judge Michael L. Orenstein for a traverse hearing. Counsel for DiMatteo is directed to inform this Court forthwith whether he has been retained to represent defendants LD Trust, Crown Jewel Resources Corp., Crown Jewel Resources Capital Corp., and Park Vanguard, LLC. If he has been so retained, this referral shall also include the applications to vacate default judgments made by these corporate defendants as they are all based upon the same purported

7

service of process.

       **SO ORDERED.**

Dated:  Central Islip, N.Y.
        May 5, 2006

                                                  /s/
                                                  Denis R. Hurley,
                                                  United States District Judge